IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES S. PRICE III,

        Petitioner,

vs.

LANCASTER COUNTY
DEPARTMENT OF CORRECTIONS,
and BRAD JOHNSON,

        Respondents.

8:18CV420

MEMORANDUM
AND ORDER

This matter is before the court on initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*[1] of Petitioner James S. Price III's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed on September 6, 2018. (Filing No. 1.)

Price set forth in his petition that he is "being detained by the state of Nebraska for a conviction" in the District Court of Lancaster County, Nebraska. (Filing No. 1; Filing No. 8.) Price's state court records, available to this court through the Nebraska state courts' computerized record keeping system (JUSTICE), show that Price was found guilty by a jury of aiding and abetting robbery and aiding and abetting first degree assault on June 21, 2018. Price's conviction resulted from a second trial on these charges after the trial court declared a mistrial over Price's objection in his first trial. Petitioner was recently sentenced on January 30, 2019, to twenty-five to forty years' imprisonment on each count to run concurrently. I take judicial notice of the state court records

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

related to this case. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

When summarized and condensed for clarity, Price asserts his rights to due process, a fair trial, and his rights under the Double Jeopardy Clause were violated because the trial judge erred in declaring a mistrial at Price's first jury trial and the Nebraska appellate courts erred in failing to consider Price's constitutional claims in his appeal from the denial of his plea in bar.

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). A number of circuit courts have held that Section 2254 and its provisions take precedence over Section 2241 because it is the more specific statute. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279, n.4 (2nd Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3rd Cir. 2001).

Here, it is apparent that Price is challenging his state-court conviction and the resulting detention. The appropriate and exclusive avenue for doing so is through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Accordingly, the court will dismiss Price's § 2241 habeas petition without prejudice to reassertion of his claims in a § 2254 petition.[2] The dismissal of this

---

[2] In dismissing this action without prejudice, the court has considered whether access to federal habeas review will be prejudiced if the case is dismissed, including any potential statute of limitations issues. *See* 28 U.S.C. § 2244(d)(1). *See also Lawrence v. Florida*, 549 U.S. 327,

case will not cause a later § 2254 habeas petition to be barred by the restrictions against second or successive filings. *See* 28 U.S.C. § 2244.

Although Price sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Price is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is denied and dismissed without prejudice. No certificate of appealability has been or will be issued.

2. Judgment will be entered by separate document.

3. The clerk of the court is directed to send to Petitioner a form petition for a writ of habeas corpus under 28 U.S.C. § 2254 (form AO 241) and application to proceed without prepayment of fees.

---

331 (2007) (citing 28 U.S.C. § 2244(d)(1)) ("The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment."). Because Price has only been recently sentenced and his conviction has not yet become final, Price has sufficient time to pursue federal habeas relief in the context of a § 2254 petition.

Dated this 1st day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge